IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RITA A. WEAKLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 08-22J |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM JUDGMENT ORDER

AND NOW, this 19th day of March, 2009, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for supplemental security income under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 16) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 13) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Importantly, where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by

those findings, even if it would have decided the factual inquiry differently. Farqnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending application for supplemental security income on April 13, 2004, alleging a disability onset date of December 1, 2000, due to back problems, fibromyalgia, a heart condition, shortness of breath, high blood pressure and diabetes. Plaintiff's application was denied initially. Plaintiff filed a timely request for a hearing but subsequently submitted a written waiver of her right to a personal appearance before the ALJ and requested that a decision be made based on the written evidence. (R. 243). On July 27, 2006, the ALJ issued a decision finding that plaintiff is not disabled. On December 10, 2007, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 49 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §416.963(c). She has a high school education but has no past relevant work experience and has not engaged in any substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and receiving input from a vocational expert via interrogatories, the ALJ concluded that plaintiff is not disabled within the meaning of the

AO 72
(Rev. 8/82)

Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of obesity, cervical and lumbar disc disease, osteoarthritis of the left shoulder, left ventricular dysfunction and hypertension, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to perform a significant range of light work not requiring more than occasional climbing. (R. 21). In response to the ALJ's written interrogatories, a vocational expert identified a number of jobs which an individual of plaintiff's age, education, work experience and residual functional capacity could perform, including janitorial worker and laundry room aide at the light exertional level. Relying on the vocational expert's responses, the ALJ found that plaintiff is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind

of substantial gainful work which exists in the national economy
...." 42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process[1] for determining whether a claimant is under a disability. 20 C.F.R. §416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises a number of challenges to the ALJ's findings. Specifically, plaintiff contends that: (1) the ALJ erred at step 3 by finding that none of plaintiff's impairments meet any of the listed impairments set forth in the regulations; (2) the ALJ erred in finding that plaintiff retains the residual functional capacity to perform light work; (3) the ALJ improperly evaluated the medical evidence and plaintiff's credibility; (4) the ALJ breached his duty to develop the record owed to plaintiff as an unrepresented claimant. Upon review, the court finds that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

---

[1] The ALJ must determine in sequence: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §416.920.

First, the court is satisfied that the ALJ's step 3 finding is supported by substantial evidence. At step 3, the ALJ must determine whether the claimant's impairment matches, or is equivalent to, one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education, or work experience, from performing any gainful activity. Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000); 20 C.F.R. §416.920(d). "If the impairment is equivalent to a listed impairment then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

Here, as required, the ALJ considered plaintiff's impairments under the criteria set forth in Listing 1.00 for musculoskeletal impairments and Listing 4.00 for cardiovascular impairments and adequately explained why plaintiff's impairments do not meet or equal the severity of any subsection of those listings. See, Burnett, 220 F.3d at 120, n.2. The ALJ's findings in this regard are supported by substantial evidence as outlined in the ALJ's decision. (R. 21).

Moreover, plaintiff has failed to meet her burden of presenting any medical findings to either the ALJ or to this court showing that her impairments meet or equal any listed impairment. See Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992). Instead, plaintiff summarily states that the ALJ erred in finding that she failed to meet a listing without pointing to any evidence

in the record that would support such a finding. In fact, as the ALJ noted, the medical evidence of record does not support a finding that plaintiff meets or equals a listing and no medical source opined that plaintiff meets or equals any listed impairment. (R. 21). Accordingly, the court finds plaintiff's first argument to be without merit.

Plaintiff next challenges the ALJ's finding that plaintiff retains the residual functional capacity to perform light work not requiring more than occasional climbing. The court has reviewed the record and is satisfied that the ALJ's residual functional capacity finding is supported by substantial evidence.

At step 5 of the sequential evaluation process, the ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent with her medical impairments, age, education, past work experience and residual functional capacity. 20 C.F.R. §416.920(f). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §416.945(a); Fargnoli, 247 F.3d at 40.

Here, in rendering his residual functional capacity finding, the ALJ adequately considered all of the relevant medical evidence, as well as plaintiff's reported activities, and incorporated into his finding those limitations that reasonably could be supported by the medical and other relevant evidence. The court is satisfied that the ALJ's residual functional capacity finding is supported by substantial evidence.

Plaintiff also argues that the ALJ failed to consider plaintiff's back issues, fibromyalgia, carpal tunnel syndrome and arthritis. This argument is belied by the record. It is clear from the record that the ALJ's decision acknowledges and addresses each of plaintiff's impairments in assessing plaintiff's residual functional capacity.

Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). Accordingly, a mere diagnosis is insufficient to support a finding of disability. Here, the ALJ considered plaintiff's entire medical history consisting of all of plaintiff's conditions and impairments and, to the extent those impairments impacted plaintiff's ability to work, the ALJ accommodated them in his residual functional capacity finding.

To the extent plaintiff argues that, in arriving at his residual functional capacity finding, the ALJ failed to consider the combined effects of all of plaintiff's medical conditions, both severe and non-severe, again, the record fails to support plaintiff's position. The ALJ specifically noted in his decision that he considered all of plaintiff's impairments in combination and his residual functional capacity finding, which incorporates the medically supported limitations arising from all of plaintiff's impairments, demonstrates that he did just that.

In conjunction with plaintiff's challenge to the ALJ's residual functional capacity finding, plaintiff also asserts that the ALJ failed to incorporate additional limitations arising from all of plaintiff's impairments into his hypothetical to the vocational expert. However, plaintiff does not allude to any specific additional limitations arising from her impairments which are supported by the record and which the ALJ failed to include in the hypothetical.

As a hypothetical to the vocational expert must reflect all of the claimant's impairments and limitations supported by the record, Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984), the ALJ did not err in not incorporating limitations not supported by the medical evidence. See Jones v. Barnhart, 364 F.3d 501, 506 (3d Cir. 2004) (ALJ has authority to disregard vocational expert's response to hypothetical inconsistent with evidence). Instead, the ALJ properly relied upon the vocational expert's response to a hypothetical which accounted for all of plaintiff's impairments and limitations supported by the record, and the vocational expert's response to that hypothetical constitutes substantial evidence supporting the ALJ's step 5 finding.

Plaintiff next argues that the ALJ improperly evaluated both plaintiff's credibility and the medical evidence of record. First, the court is satisfied that the ALJ properly evaluated plaintiff's subjective complaints of pain and limitations in accordance with the regulations.

%AO 72
(Rev. 8/82)

Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §416.929(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999); see also SSR 96-7p.

In this case, in assessing plaintiff's credibility, the ALJ considered plaintiff's subjective complaints, but also considered those complaints in light of the medical evidence, plaintiff's treatment history and all of the other evidence of record. In doing so, the ALJ concluded that plaintiff's statements concerning the intensity, duration and limiting effects of her symptoms are not entirely credible. (R. 22). The ALJ explained that plaintiff's self-reported activities of daily living, as well as the clinical and objective medical findings of record, are inconsistent with an individual experiencing totally debilitating symptomatology. (R. 23). The ALJ thoroughly explained his credibility finding in his decision and that finding is supported by substantial evidence.

The court likewise is satisfied that the ALJ properly evaluated all of the medical evidence under the appropriate standards. Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §416.927(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment

is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. However, when a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §416.927(d).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence and adequately explained his assessment of that evidence. (R. 22). The ALJ thoroughly and exhaustively addressed the relevant medical evidence in his opinion and adequately explained his reasons for the weight he accorded to the respective reports and opinions. The court has reviewed the ALJ's decision and the record as a whole and is convinced that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Plaintiff's reliance on a post-decision report from Dr. Halter dated May 8, 2007, opining that plaintiff is "permanently disable" is misplaced. First, this evidence was not before the ALJ, but was presented for the first time to the Appeals Council, which denied review, and may not be considered by this court in evaluating the ALJ's decision under the substantial evidence standard. Moreover, plaintiff has failed to establish that Dr. Halter's report was new or material, nor has she shown good cause

for not presenting this information to the ALJ, all of which would be necessary to justify a remand to the Commissioner under sentence 6 for consideration of this evidence.[2]

In any event, Dr. Halter's report clearly would not alter the outcome of the ALJ's disability determination. Dr. Halter's opinion that plaintiff is "permanently disabled" is a determination for the Commissioner, and, under the regulations the opinion of a physician, treating or otherwise, on the ultimate determination of disability never is entitled to special significance. 20 C.F.R. §416.927(e); SSR 96-5p. Moreover, Dr. Halter's opinion of permanent disability is not supported by the objective evidence of record, including Dr. Halter's own treatment notes. Accordingly, even if plaintiff had attempted to establish good cause for not presenting this report to the ALJ, she would not be entitled to a sentence six remand for consideration of evidence not material to the ultimate determination of disability.

Plaintiff's final arguments involve her waiver of her right to a hearing and to representation. In this regard, plaintiff contends that her waiver of her right to a hearing was not knowing

---

[2] When a claimant proffers evidence in the district court that previously was not presented to the ALJ, the district court's determination of whether to remand to the Commissioner is governed by Sentence 6 of §405(g) of the Act. See Matthews v. Apfel, 239 F.3d 589, 593 (3d Cir. 2001). Sentence 6 permits remand "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." See also Szubak v. Secretary of Health & Human Services, 745 F.2d 831, 833 (3d Cir. 1984). "[A] claimant must satisfy all three requirements of Sentence 6 (new, material and good cause) in order to justify a remand." Matthews at 594; Szubak at 833.

and voluntarily, that she was not adequately informed of her right to counsel and, even if her rights were knowingly waived, the ALJ did not exercise the heightened duty of care to develop the record that he owed to plaintiff as an unrepresented claimant, resulting in prejudice and unfairness. Plaintiff's arguments are without merit.

Social Security proceedings are inquisitorial, not adversarial and, "it is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." Sims v. Apfel, 530 U.S. 103 (2000). Moreover, it has long been established in this circuit that the ALJ has a heightened duty to develop the record and to hold full and fair hearings when a claimant is unrepresented. Livingston v. Califano, 614 F.2d 342 (3d Cir. 1980); Dobrowolsky v. Califano, 606 F.2d 403 (3d Cir. 1979). Importantly, however, the fact that a claimant is unrepresented by counsel and has knowingly waived this right is not alone sufficient for remand, rather remand is appropriate only where "the lack of counsel prejudiced the claimant or ... the administrative proceeding was marked by unfairness due to lack of counsel." Livingston, 614 F.2d at 345.

Here, the court first will address plaintiff's contentions that her waiver of her right to appear at a hearing was not knowing and voluntary and that she was not informed of her right to counsel or free counsel if she could not afford it. These arguments are belied by the record.

As to plaintiff's waiver of her right to appear at a hearing, the record establishes that plaintiff was aware of her right to personally appear before the ALJ, of the importance of that right, and that her waiver of that right was knowing and voluntary. In a July 28, 2004, notice of disapproved claim, plaintiff explicitly was informed of her right to a hearing and was informed of how the hearing process works. (R. 225-229). In particular, the notice advises plaintiff that a hearing is her opportunity to tell the ALJ why she disagrees with the decision in her case and that she would have the opportunity to provide the ALJ with new evidence and to have people testify on her behalf. (R. 227). In addition, in bold letters the notice instructs plaintiff that "it is important to go to the hearing." (R. 228).

In fact, plaintiff initially filed a request for a hearing upon receipt of the foregoing notice. (R. 230). After filing her request, the Commissioner provided plaintiff with another letter dated October 30, 2004, (R. 232-33), in which the Commissioner again explained the hearing process. (R. 232-33). Only after receipt of this letter did plaintiff file a waiver of her right to personally appear. In that waiver, plaintiff again was advised of her right to appear and was told that a hearing would provide her with an opportunity to present evidence, her own testimony and the testimony of others, and that the "opportunity to be seen and heard could be helpful to the [ALJ] in making a decision." (R. 243).

Having been advised of all of that, plaintiff knowingly, willfully and voluntarily signed the waiver of right to appear. Plaintiff has a high school education and, as the government aptly notes, past experience with the social security administrative process, having previously unsuccessfully applied for benefits. The court is satisfied that plaintiff's waiver of her right to appear at a hearing was knowingly and voluntarily made.

Similarly, although plaintiff is correct that the ALJ has a duty to inform the claimant of the right to counsel, Saldana v. Weinberger, 421 F.Supp. 1127 (E.D.Pa. 1976), and to free counsel if the claimant is indigent, Singleton v. Schweiker, 551 F.Supp. 715 (E.D.Pa. 1982), the record is clear in this case that plaintiff was informed adequately of her rights and that she knowingly and voluntarily waived those rights.

In the notice of disapproved claim discussed above, plaintiff was given written notice that she has a right to representation at the hearing before the ALJ, that there are groups that can provide free legal services if she qualifies and that there are attorneys who do not charge a fee unless she wins her appeal. (R. 228). In the letter dated October 30, 2004, in which the Commissioner explained the hearing procedures, plaintiff again was advised of her right to representation, of her right to free representation if she cannot afford it, and of the availability of attorneys who work on a contingent fee basis. (R. 232-33). This letter was accompanied by a list of organizations that provide free legal representation for qualified claimants, (R.

AO 72
(Rev. 8/82)

234), as well as a leaflet entitled "Your Right to Representation," (R. 235-236), which explained plaintiff's rights in detail and also came with an attachment describing contingency fees. (R. 237). Finally, in the waiver of right to personal appearance, plaintiff once again was advised of her right to representation. (R. 243).

The court is convinced that plaintiff knowingly and voluntarily waived her right to a hearing and that she was adequately informed of her right to counsel. After having been advised in writing of her rights to a hearing and legal representation on numerous occasions, plaintiff knowingly and voluntarily made a clear and express waiver of her right to a hearing and elected to proceed without representation. (R. 243). The court finds no error in the ALJ proceeding with a decision on the written evidence after plaintiff's waiver, as "a claimant ... has as much right to proceed pro se as [she] does to engage a lawyer." See, e.g., Evangelista v. Secretary of Health & Human Services, 826 F.2d 136, 142 (1st Cir. 1987).

As plaintiff knowingly waived her right to a hearing and to counsel, remand would be appropriate only if her lack of counsel prejudiced her or resulted in an administrative proceeding marked by unfairness. Livingston, 614 F.2d at 345. A proceeding may be found unfair where the ALJ does not develop a complete record and the essential inquiry is whether "the incomplete record reveals evidentiary gaps which result in prejudice to the claimant." Gauthney v. Shalala, 890 F.Supp. 401, 410 (E.D.Pa. 1995).

In fulfilling his duty to help a pro se claimant develop the record, an ALJ must scrupulously and conscientiously probe into, inquire of and explore for all the relevant facts. Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir. 2003). The court believes that the ALJ did so in this case and that all of the relevant facts were before the ALJ. The record establishes that the ALJ had before him a voluminous amount of medical records from numerous hospitals and physicians detailing plaintiff's medical treatment and history, including all records after plaintiff's alleged onset date of December 1, 2000.

Moreover, plaintiff has not established that there are any "evidentiary gaps" in the record which resulted in prejudice to her claim. Although plaintiff alludes to an office visit to Dr. Osbourne in or around January 3, 2005, plaintiff provided neither the Appeals Council nor this court with any records pertaining to such a visit. And the only other record which plaintiff suggests was not before the ALJ was the opinion of Dr. Halter which she did present to the Appeals Council, but which, as already discussed, is not the basis for a sentence 6 remand and which is not material to the ultimate disability determination.

Accordingly, the record in this case indicates that the ALJ complied with his heightened duty to plaintiff as an unrepresented claimant. As plaintiff has failed to demonstrate prejudice or unfairness in the administrative proceeding resulting from her lack of counsel, the court finds that a remand would be inappropriate in this case.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: J. Kirk Kling, Esq.
630 Pleasant Valley Boulevard, Suite B
Altoona, PA 16602

Stephanie Haines
Assistant U.S. Attorney
319 Washington Street
Room 224, Penn Traffic Building
Johnstown, PA 15901